# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL B. LIZAMA, | 3:10-cv-0744-RCJ (WGC) |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| HOWARD D. SKOLNIK, *et. al.* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. # 8.)[1] Plaintiff opposed (Doc. # 10) and Defendants replied (Doc. # 13). After a thorough review, the court recommends the motion be granted in part, and denied in part.

## I. BACKGROUND

At all relevant times, Plaintiff Michael B. Lizama (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC), housed at Southern Desert Correctional Center (SDCC).[2] (Pl.'s First Am. Compl. (Doc. # 5).) Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The remaining defendants are Ryan Kline and Joe Ybarra (collectively, Defendants). (*Id.*, Doc. # 4.)

Plaintiff filed his original Complaint on November 29, 2010, and subsequently sought, and was

---

[1] Refers to court's docket number.

[2] Plaintiff is currently housed at Warm Springs Correctional Center.

granted leave to amend. (*See* Doc. # 1,3, 4, and 5.) On screening, the court found that Plaintiff's First Amended Complaint states a colorable claim for violation of his Eighth Amendment rights against Ybarra and Kline in connection with their alleged failure to take reasonable steps to protect him from physical abuse. (Doc. # 4.)

Plaintiff alleges that in August 2009, he was placed in the Leap Program at SDCC, and on numerous occasions he notified Ybarra that he had enemies in the program and in the specific unit he was assigned, and requested to be moved. (Doc. # 5 at 4.) He alleges that Ybarra told Plaintiff he would not make a "convenience move," but Plaintiff continued to apprise Ybarra of verbal threats by other inmates, and Ybarra continued to deny his requests. (*Id*.) Around January 2010, Plaintiff alleges that officer Kline told Plaintiff he would investigate the situation, but Plaintiff was never moved. (*Id*. at 4-5.) On February 28, 2010, Plaintiff alleges he was attacked. (*Id*. at 5.) His face was cut open with a razor, and a correctional officer stood by and watched for ten minutes before anyone intervened. (*Id*. at 5.) Plaintiff was airlifted to a hospital for treatment. (*Id*.) Plaintiff claims that Ybarra and Kline were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id*.)

Defendants now move to dismiss Plaintiff's First Amendment Complaint on the following grounds: (1) Defendants cannot be sued in their official capacities under 42 U.S.C. § 1983; and (2) Plaintiff failed to properly exhaust available administrative remedies. (Doc. # 8.)

## II.  LEGAL STANDARD

**A.  Federal Rule of Civil Procedure 12(b)(6)**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id*. at 550 (citation omitted). The Rule 8(a) notice pleading standard

requires the plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950. In addition, *pro se* pleadings must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."); *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). As a general rule, the court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**B. Unenumerated 12(b) motion to dismiss for failure to exhaust**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The failure to exhaust administrative remedies is treated as a matter in abatement and is

3

properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense that Defendants bear the burden of raising and proving. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires compliance with the inmate grievance procedure set forth in NDOC Administrative Regulation (AR) 740. (Doc. # 8 at 3, Doc. # 8-1 at 2, Doc. # 8-2 (Ex. A).) The administrative process consists of submitting to prison staff: (1) an informal level grievance; (2) a first level grievance appealing the informal grievance decision; and (3) a second level grievance appealing the first level grievance decision. (Doc. # 8-2 at 5-8.)

### III.  DISCUSSION

**A.  Claims against Defendants in their official capacity for damages**

A state official sued in his or her official capacity for *damages* is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims against defendants in their official capacities are actually suits against the entity of which the named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id.*

Plaintiff names Defendants in their individual and official capacities, and Plaintiff seeks to recover compensatory and punitive damages. (Doc. # 5 at 2, 3, 15.) Plaintiff appears to concede that he cannot sue Defendants in their official capacities for damages. (*See* Doc. # 10 at 2.) To the

4

extent he requests leave to amend in this regard, that request is denied, and Plaintiff's official capacity damages claims should be dismissed with prejudice.

**B. Exhaustion**

### 1. Defendants' argument

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies because he tried to bypass the grievance process by "piggybacking" a new issue onto an existing grievance, and failed to file an informal, first, and second level grievance with respect to the February 28, 2010 incident that is the subject of his First Amended Complaint. (Doc. # 8 at 4-5.)

### 2. Plaintiff's response

In his opposition, Plaintiff claims that he did properly exhaust his administrative remedies. (Doc. # 10.) In support of his opposition, Plaintiff filed the prison's responses to his informal, first, and second level grievances (also filed by Defendants), but he did not file the actual grievances. (Doc. # 10 at 7-9.) In addition, Plaintiff claims that he was interviewed by Federal Bureau of Investigation (FBI) officials regarding the February 28, 2010 incident, and told the FBI agents that grievances and other documents concerning the issues were removed from his property. (Doc. # 10 at 2-3.)

### 3. Analysis

Plaintiff filed an informal level grievance on March 11, 2010, grievance number 20062894685, regarding an attack (Doc. # 8-2 at 18-19), which was rejected for failure to cite the date or time of the alleged incident (Doc. # 8-2 at 21).

Plaintiff filed another informal level grievance on April 11, 2010, also under grievance number 20062894685, stating that prison officials have a duty to protect prisoners from assault by other prisoners, and describing the February 28, 2010 incident that is the subject of this lawsuit. (Doc. # 8-2 at 23-31.) The prison denied the informal level grievance, stating that Plaintiff failed to formally inform correctional staff that he feared for his safety as a result of his unit assignment. (Doc. # 8-3 at 2.)

Plaintiff filed a first level grievance on May 13, 2010, grievance number 20062898269, related to a March 28, 2009 incident wherein he asserts that Correctional Officer Bell placed him

1  in solitary confinement without written notice of charges or a hearing. (Doc. # 8-3 at 4-5.) This
2  first level grievance makes no mention of the February 28, 2010 incident. (*Id*.) The prison rejected
3  this grievance because there were no corresponding informal level grievance referencing this issue.
4  (Doc. # 8-3 at 7.)

5        Plaintiff filed another first level grievance on June 10, 2010, again referencing the March
6  28, 2009 incident involving Correctional Officer Bell. (Doc. # 8-3 at 9-10.) This time, the
7  grievance is marked as number 20062894685. (*Id*.) In addition, Plaintiff states that he has
8  attached an informal level grievance dated April 11, 2010. (*Id*.) As noted above, the April 11,
9  2010 informal level grievance, relates to the February 28, 2010 incident. (*See id*.)

10        The prison did not reject this first level grievance, but denied it on July 8, 2010. (Doc. # 8-3
11  at 12.) The response states, "I am in receipt of your grievance regarding *inmate protection*. Inmate
12  Lizama you were advised appropriately at the Informal Level and have also been transferred from
13  your alleged enemies. Grievance DENIED." (*Id*. (emphasis added).) This response is puzzling
14  because it does not reference the March 28, 2009 incident involving Correctional Officer Bell
15  (placement in solitary confinement). (*Id*.) Instead, it references the *inmate protection* issue. (*Id*.)
16  The court concludes this was actually a response to Plaintiff's inmate protection issue raised in the
17  April 11, 2010 informal level grievance that was attached to this first level grievance.

18        Plaintiff filed a second level grievance on July 28, 2010, again referring to the March 28,
19  2009 incident involving Correctional Officer Bell. (Doc. # 8-3 at 14-15.) The response denying the
20  second level grievance is equally perplexing because it also does not reference the March 28, 2009
21  incident. (Doc. # 8-3 at 17.) It states, "I/M Lizama, you received an appropriate response at Level 1
22  from Warden Williams. You cannot be housed at the same facility as your self proclaimed
23  enemies. DENIED." (*Id.*.) The court concludes that this response must be referring to the inmate
24  protection issue raised in the April 11, 2010 informal level grievance, because the grievance related
25  to Correctional Officer Bell does not involve or make any mention of self-proclaimed enemies.

26        As noted above, Defendants bear the burden of raising and proving the affirmative defense
27  of failure to exhaust administrative remedies, and in deciding this motion, the court may look
28  beyond the pleadings and decide disputed issues of fact. *See Wyatt*, 315 F.3d at 1119-20. The

6

question raised here is whether Plaintiff properly exhausted his administrative remedies when it appears he did not properly file first and second level grievances related to the February 28, 2010 incident[3], but it does appear that the issue was nonetheless addressed by the prison on its merits.

In *Woodford v. Ngo*, the Supreme Court defined "proper exhaustion" as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 89 (internal quotation marks and citation omitted). This district has read the majority opinion in *Woodford* as setting forth two tests for proper exhaustion: (1) the "merits test," "satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels"; and (2) the "compliance test," "satisfied when a plaintiff complies with all 'critical procedural rules,' including agency deadlines." *Jones v. Stewart*, 457 F.Supp.2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for finding 'proper exhaustion.'" *Id*. "Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed on a motion to dismiss for failure to exhaust administrative remedies." *Id*.

Viewing the prison's responses to the informal, first, and second level grievances (Doc. # 8-3 at 2, 12, 17), the court concludes that the prison addressed the merits of Plaintiff's claim concerning protection from other inmates related to the February 28, 2010 incident. The court notes that Defendants provide no explanation for the fact that the responses to the first and second level grievances do not match up with the first and second level grievances, which concern the March 28, 2009 incident involving Correctional Officer Bell. Accordingly, the court finds that Plaintiff has met the "merits test," and therefore has properly exhausted available administrative remedies. *See Jones*, 457 F.Supp.2d at 1134. Defendants have not carried the burden imposed on them of proving the affirmative defense of failure to exhaust administrative remedies. As a result, Defendants' motion to dismiss Plaintiff's First Amended Complaint on the ground that he failed to exhaust available administrative remedies should be denied.

///

---

[3] Or, as Defendants suggest, Plaintiff improperly "piggybacked" this issue onto other grievances.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING IN PART AND DENYING IN PART** Defendants' Motion to Dismiss. (Doc. # 8.) Insofar as Defendants move to dismiss Plaintiff's official capacity claims for damages, the motion should be **GRANTED**. However, insofar as Defendants move to dismiss the First Amended Complaint for failure to exhaust administrative remedies, the motion should be **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 6, 2011.

                                                        _____
                                                        WILLIAM G. COBB
                                                        UNITED STATES MAGISTRATE JUDGE